UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFERY REYNOLDS,)
)
            Plaintiff,)   Case No. 1:10-cv-738
)
v.)   Honorable Paul L. Maloney
)
COMMISSIONER OF)
SOCIAL SECURITY,)
)   **REPORT AND RECOMMENDATION**
            Defendant.)
_____)

       This was a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On December 7, 2010, the court entered a judgment vacating Commissioner's decision and remanding the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

       On January 31, 2011, the parties filed a two-paragraph stipulated motion[1] asking the court to award plaintiff $1,773.86 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 12). Upon review, I recommend that the plaintiff's premature and unsupported motion for EAJA attorney's fees be denied without prejudice.

---

[1] Only a prevailing party can seek attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A). Thus, the stipulation is construed as a motion, made by plaintiff's attorney on behalf of his client, which defendant does not oppose.

**Discussion**

Plaintiff's application for fees under the EAJA is premature. The judgment remanding this matter to the Commissioner does not become a "final judgment" within the meaning of the EAJA until February 7, 2011, when the government's sixty-day period within which to appeal the judgment expires. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Marshall v. Commissioner*, 444 F.3d 837, 842 n. 3 (6th Cir. 2006). The application was therefore not filed "within thirty days of final judgment" as required by statute. 28 U.S.C. § 2412(d)(1)(B); *see Townsend v. Commissioner*, 415 F.3d 578, 581 (6th Cir. 2005).

Plaintiff's motion requests an award of $1,773.86 in "EAJA fees and expenses." (docket # 12 ¶ 1). The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). A stipulated amount does not suffice.

The remaining paragraph of plaintiff's motion states as follows:

> After the court enters this award, if counsel and the parties can verify that Plaintiff owes no pre-existing debt subject to offset, the Defendant agrees to direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff.

(docket # 12 ¶ 2). The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees

must be entered in plaintiff's favor. It is clear that the statute cannot be circumvented by the simple expedient of a stipulation. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

Any agreements entered into by the parties are not part of this closed case and cannot be appended to it. There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 130 S. Ct. at 2530 (Sotomayor, J. concurring). Plaintiff's contractual obligations to his attorney are not part of this case.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the plaintiff's premature and unsupported motion for attorney's fees under the EAJA (docket # 12) be denied without prejudice.
.

Dated: February 3, 2011                     /s/ Joseph G. Scoville
                                            United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).