UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFERY REYNOLDS,                )
                                 )
            Plaintiff,           )   Case No. 1:10-cv-738
                                 )
v.                               )   Honorable Paul L. Maloney
                                 )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )   **REPORT AND RECOMMENDATION**
            Defendant.           )
_____)

This was a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On December 7, 2010, the court entered a judgment vacating Commissioner's decision and remanding the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is before the court on plaintiff's February 3, 2011 motion for $1,773.86 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 14).[1] I recommend that plaintiff's motion be granted in part and denied in part and that a judgment be entered in plaintiff's favor in the amount of $1262.50.

---

[1] Plaintiff applies "to this court, the Honorable Douglas W. Hillman, U.S. District Judge, and the Honorable Timothy P. Greeley, U.S. Magistrate Judge, for an order awarding plaintiff attorney['s] fees and costs . . . ." This case has never been assigned to Magistrate Judge Greeley, and Judge Hillman passed away four years ago. Errors of such magnitude do not inspire confidence in the application's accuracy.

## Discussion

Plaintiff's application was premature when filed. The judgment remanding this matter to the Commissioner did not become a "final judgment" within the meaning of the EAJA until February 7, 2011, when the government's sixty-day period within which to appeal the judgment expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). But defendant has not objected to the timing of plaintiff's motion. (docket # 15). A motion filed any time before March 7, 2011, would be filed "within thirty days of final judgment" as required by statute, 28 U.S.C. § 2412(d)(1)(B). Dismissing plaintiff's motion for the sole purpose of forcing her to refile it would be a waste of time and resources. Plaintiff's motion should be deemed timely.

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no

attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

1. Hours Claimed

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).

Plaintiff's attorney represents to the court that he spent a total of 10.10 hours on this case. (docket # 14-1). Defendant has no objection to the reasonableness of the hours claimed. The hours claimed are reasonable for the tasks performed. I recommend that plaintiff's attorney receive credit for all 10.10 hours listed in his itemized statement. (docket # 41-1 at ID # 246).

2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $175.63 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has

determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney argues that he should receive an increased hourly rate based on inflation and the Consumer Price Index. (docket # 14-1 at ID # 247). In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450; *accord O'Neal v. Commissioner*, 1:08-cv-723 (W.D. Mich. Jan. 27, 2011)(Maloney, C. J.)("[T]his court is bound by *Bryant*, where the Sixth Circuit found that evidence of inflation, supported by the CPI, by itself, does not justify an increase in EAJA's statutory fee cap" and "[w]ithin this district, judges have consistently held that evidence of changes to the CPI is insufficient proof to justify an increase in the statutory cap."). I find that plaintiff has not carried his evidentiary burden to justify compensation at any rate above the statutory cap. I further find that an award at the maximum hourly rate provides adequate and appropriate compensation for the work performed. Multiplying the 10.10 hours expended by counsel and the $125 per hour rate results in a $1262.50 total. Plaintiff is entitled to an award of EAJA attorney's fees in the amount of $ 1262.50.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the court enter an order granting plaintiff's motion in part and denying it in part, and that the court enter a separate judgment in plaintiff's favor against defendant in the amount of $1262.50.

Dated: February 10, 2011    /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).