UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFEREY REYNOLDS, | Case No. 1:10-cv-738 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION and ORDER**

**Overruling the Plaintiff's Objections;
Adopting the R&R with Amendment;
Awarding Attorneys Fees;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on February 10, 2011. Plaintiff filed timely, specific objections on February 24, 2011, and the defendant Commissioner did not file any response thereto within the time allowed by the Federal Rules of Civil Procedure and our Local Civil Rules.

**The court finds the R&R to be well-reasoned, and will adopt it with one minor amendment.** First, for the reasons explained by the R&R, the number of pre-R&R hours for which plaintiff's counsel requests payment (10.10 hours) is reasonable under the circumstances. In

addition, the court finds that the number of hours for which plaintiff's counsel seeks payment for his work reviewing and objecting to the R&R (2.5 hours) is also reasonable, bringing the total number of compensable hours to 12.6 hours.

**Second, the court agrees with the Magistrate Judge that the $125 presumptive maximum rate set by the Equal Access to Justice Act ("EAJA") is the appropriate hourly rate for the fee award, not the $175.63 per hour sought by plaintiff's counsel. As the Magistrate Judge** correctly notes (R&R at 3), the EAJA generally caps attorney fee rates at $125 per hour, *see also Rothley v. Commissioner of Soc. Security Admin.*, No. 1:09-cv-767, 2010 WL 3852248, *2 (W.D. Mich. Mar. 11, 2010), *R&R adopted*, 2010 WL 3852242 (W.D. Mich. Sept. 29, 2010) (Robert Holmes Bell, J.), and "the statutory rate is a ceiling and not a floor", *see also McNelis v. Comm'r of Soc. Security Admin.*, No. 08-125929, 2010 WL 5866250, *4 (E.D. Mich. Oct. 20, 2010) (Michael Hluchaniuk, M.J.) (citing *Chipman*, 781 F.2d at 547), *R&R adopted in pertinent part*, 2011 WL 743393 (E.D. Mich. Feb. 23, 2011) (Sr. J. Arthur Tarnow) and *accord US v. Claro*, 579 F.3d 452, 459 (5th Cir. 2009).

The Magistrate Judge also rightly noted (R&R at 4) that the $125 hourly rate apples in "the mine run of cases", *see also Bentley v. Comm'r of Soc. Sec. Admin.*, 524 F. Supp.2d 921, 925 (W.D. Mich. 2007) (Bell, C.J.) *and accord Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011) (citing *Gisbrecht*, 535 U.S. at 796) (<u>Stewart</u>, Prado, Elrod), and it is plaintiff's counsel's burden to demonstrate, with evidence, precisely why he is entitled to an hourly rate above the presumptive statutory ceiling, *see also Wise v. Astrue*, 2010 WL 5071040, *2 (S.D. Ohio Dec. 7, 2010) (Algenon Marbley, J.) (citing *Bryant*, 578 F.3d at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)) *and*

2

*accord Stokes v. Astrue*, 2010 WL 4687806, *1 (S.D. Ind. Nov. 10, 2010) (J. Jane Magnus-Stinson).

In his objections, plaintiff's counsel introduces data from the State Bar of Michigan's annual Economics of Law Practice survey showing the 2010 median and mean hourly billing rates for all private practitioners ($215 and $237), attorneys in practice 26-30 years like plaintiff's counsel ($233 and $248), attorneys in the Grand Rapids area ($225 median and $246 mean), appellate attorneys ($250 and $259), administrative-law attorneys ($225 and $243), and attorneys in Kent County, Michigan ($240 and $251). *See* Plaintiff's Objections at 4. As an Eastern Michigan district judge noted when rejecting a similar request for an hourly rate above the statute's presumptive maximum, however, "counsel did not make any effort to establish a prevailing market rate for" the specific relevant market, which is "Social Security appeals in th[is] District . . . . * * * Th[e] survey information as described does not indicate rates charged for *Social Security* appeals in th[is] District . . . and thus does not establish what the prevailing market rate is for these types of cases." *McNelis*, 2011 WL 743393 at *2 (emphasis added). The Magistrate Judge committed neither legal nor factual error in determining that plaintiff's counsel here failed to carry his burden of showing entitlement to a rate higher than the statutory maximum rate which is customarily awarded in the solid majority of Social Security appeals in this district. The appropriate award is 12.6 hours multiplied by $175 per hour.

**ORDER**

The plaintiff's objections [document #18] are **OVERRULED**.

The R&R [document # 13] is **ADOPTED**.

The plaintiff's application for an award of attorney's fees [document # 14] is **GRANTED in part** and **DENIED in part**.

The defendant **SHALL PAY** to plaintiff's counsel the sum of $2,205 (two thousand two hundred and five dollars and zero cents).

This case is **TERMINATED** and **CLOSED**.

This is a final order.

**IT IS SO ORDERED** this 4th day of May 2011.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge