UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JEFFREY REYNOLDS, | )<br>) |
| Plaintiff, | ) Case No. 1:10-cv-738<br>) |
| v. | ) Honorable Paul L. Maloney<br>) |
| COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>) **REPORT AND RECOMMENDATION**<br>) |
| Defendant. | )<br>) |
| _____ | ) |

      This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On December 7, 2010, the court entered a judgment in plaintiff's favor reversing the Commissioner's decision and remanding the matter for further proceedings under sentence four of 42 U.S.C. § 405(g). (docket # 11). On May 4, 2011, the court entered a judgment awarding plaintiff attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

      On March 29, 2013, plaintiff filed a second motion for attorney's fees in this long-closed case (docket # 20), followed by an amended motion on April 11, 2013 (docket # 21). Plaintiff asks the court to "approve an additional $4700 of attorney fees under 42 USC 406(b)" and states that if this amount is approved, "then plaintiff's counsel will refund to Mr. Reynolds the $2,205 of EAJA fees which have already been received." (Am. Motion ¶¶ 4-5, docket # 21, ID# 287). The only legal authority cited is the statute: 42 U.S.C. § 406(b). (docket # 20, ID# 268; docket # 21, ID#s 286-87).

For the reasons set forth herein, I recommend that plaintiff's motion and amended motion for attorney's fees be denied.

**Proposed Findings of Fact**

This case closed on December 7, 2010, when the court entered judgment reversing the Commissioner's decision and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. The court had statutory authority to entertain plaintiff's timely motion for attorney's fees under the EAJA. On May 4, 2011, the court entered a judgment awarding plaintiff attorney's fees under the EAJA. Plaintiff did not pursue an appeal of the judgment awarding EAJA attorney's fees.

On January 21, 2013, the Social Security Administration issued a Notice of Award to plaintiff stating that it had determined that he was entitled to disability benefits beginning in 2005. (docket # 20, ID # 271). The Notice of Award is stamped: "RECEIVED JAN 24, 2013." (*Id.*). The Administration determined that plaintiff's past-due benefits totaled $57,600.00, and indicated that it was withholding $14,400.00, to cover potential awards of attorney's fees. (*Id.* at ID# 273). Plaintiff's attorney was paid $5,212.00 from plaintiff's past-due benefits for all the work he performed at the administrative level on remand. (*Id.* at ID# 278).

Plaintiff's attorney provides no explanation why he waited until March 29, 2013, and April 11, 2013, to file the motion and amended motions for attorney's fees now before the court.

**Discussion**

1.  Plaintiff's Motion and Amended Motion Are Unsupported

Plaintiff's motions[1] are not supported. The motion and amended motion are not accompanied by a supporting brief in violation of Rule 7.1(a) of the Local Civil Rules of the Western District of Michigan. Rule 7.1(a) states: "All motions . . . shall be accompanied by a supporting brief. . . . All briefs filed in support of or in opposition to any motion shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of civil procedure, all applicable local rules, and the other authorities upon which the party relies." W.D. MICH. LCIVR 7.1(a). A citation to a statute unaccompanied by any developed legal argument does not suffice. Issues raised in a perfunctory manner are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012). Plaintiff has not established a factual or legal foundation for any award of attorney's fees in this closed case beyond the amount awarded under the EAJA in 2011 as reasonable attorney's fees for the work plaintiff's attorney performed in this court.

2.  Section 406(b) Does Not Authorize An Award of Attorney's Fees
    from an Award of Past Due SSI Benefits under Title XVI

Plaintiff's attorney did not supply any documents providing a breakdown of the amounts awarded on plaintiff's DIB claim and his SSI claim. Assuming that plaintiff's award of past-due benefits included SSI benefits, his attorney cannot recover any fees based on the past-due

---

[1] Under 42 U.S.C. § 406(b), "a prevailing claimant's fees are payable only out of the benefits recovered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Although the motion is ostensibly brought in the plaintiff's name, "the real party in interest" is plaintiff's attorney. *Id.* at 798 n.6.

"Fee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

SSI benefits under section 406(b). Section 406(b) "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act."[2] *Napier v. Commissioner*, 190 F. App'x 458, 459-60 (6th Cir. 2006) (citing 42 U.S.C. § 406(b)); *Edwards v. Commissioner*, No. 1:07-cv-848, 2009 WL 367825, at * 1 n.1 (W.D. Mich. Feb 19, 2009) (Maloney, C. J.). "Title II is an insurance program. Enacted in 1935, it provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988); *Napier*, 190 F. App'x at 460 (citing 42 U.S.C. § 402). "Title XVI is a welfare program. Enacted in 1972, it provides SSI benefits to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Bowen*, 485 U.S. at 75 (citing 42 U.S.C. § 1382(a)); *Napier*, 190 F. App'x at 460. "As the Supreme Court has held, the two parts of the Act are distinct, and attorney's fees cannot be awarded pursuant to § 406(b) for successful Section XVI claims."[3] *Napier*, 190 F. App'x at 460 (citing *Bowen*, 485 U.S. at 79).

---

[2]Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 793-94. Section 406(b) limits the court to fee awards based on the work performed before the court. *See Gisbrecht*, 535 U.S. at 794-95; *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994); *Edwards v. Commissioner*, 2009 WL 367825, at * 1 n.1 ("The court is authorized to award § 406(b) fees only for the work that prevailing counsel did in that court, not for work done before an agency."). Section 406(b) is not a waiver of sovereign immunity. *See In re Handel*, 570 F.3d 140, 144-45 (3d Cir. 2009). The statute "cannot be construed as a waiver of immunity because it contemplates payment of the fee award by the *claimant* out of past due benefits, rather than by the government, out of general funds." *Id.* at 144 (quoting *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990)).

[3]A claim for attorney's fees out of an award of past-due SSI benefits must be based on 42 U.S.C. § 1383(d)(2). *See Napier*, 190 F. App'x at 460.

### 3. The Motion and Amended Motion Are Untimely

The decision whether to award attorney's fees under section 406(b) is committed to the sound discretion of the district court, and the decision awarding or denying fees is reviewed on appeal under the deferential abuse of discretion standard. *See Damron v. Commissioner*, 104 F.3d 853, 856 (6th Cir. 1997). This court would abuse its discretion if it allowed plaintiff's attorney to recover additional attorney's fees out of plaintiff's past-due benefits under 42 U.S.C. § 406(b) based on an untimely motion where the attorney has not shown "excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

The court's sentence-four remand was a final judgment and this court did not retain jurisdiction. *See Shalala v. Schaefer*, 509 U.S. 292, 299-302 (1993) (A sentence four remand "terminates" the civil action seeking review of the Commissioner's final decision.). Section 406(b)(1)(A) states, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment [4] . . . ." 42 U.S.C. § 406(b)(1)(A).

Although the Sixth Circuit has not yet addressed the issue of when a motion for attorney's fees pursuant to section 406(b) must be filed, this court follows the majority rule and requires that the motion be filed within the 14-day time limit set by Rule 54(d)(2)(B) of the Federal

---

[4] The court's judgment did not entitle plaintiff to any social security benefits. The judgment ordered the matter remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The Sixth Circuit has indulgently interpreted the statute's "entitled by reason of such judgment" to include judgments providing for remand pursuant to sentence four, when it is followed by an administrative award of benefits. *See Philpott v. Gardner*, 403 F.2d 774, 775 (6th Cir. 1968).

Rules of Civil Procedure. *See Bentley v. Commissioner*, 524 F. Supp. 2d 921, 922 (W.D. Mich. 2007); *accord Proctor v. Commissioner*, No. 1:09-cv-127, 2013 WL 308730, at * 3 (S.D. Ohio Jan. 25, 2013) ("Most courts have held that the time for filing a petition for fees pursuant to § 406(b) is governed by Rule 54(d)(2)."). In *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006), the Fifth Circuit adopted a position faithful to the express terms of Rule 54(d)(2)(B) and held that a motion for attorney's fees under section 406(b) filed more than 14 days after entry of judgment would be considered untimely.[5] Here, plaintiff's attorney did not file his motion for attorney's fees within fourteen days of the court's December 7, 2010 judgment. There is evidence suggesting that the Sixth Circuit would follow the Fifth Circuit's decision in *Pierce* and hold that any motion for fees in this case was untimely because it was filed years outside the fourteen-day period.[6] *See Horne v. City of Hamilton, Ohio*, No. 98-3601, 1999 WL 313902 (6th Cir. May 3, 1999) (holding that the district court abused its discretion in awarding attorney's fees on a motion filed six weeks after the 14-day time limit established by Rule 54 (d)(2)(B)).

The Eleventh Circuit agrees that the fourteen-day period after entry of judgment prescribed by Rule 54(d)(2)(B) is the time within which counsel must file section 406(b) motions: "We agree with the Fifth Circuit that Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee

---

[5] In *Pierce*, the attorney filed a motion for attorney's fees under section 406(b) within 14 days after entry of judgment. The district court denied this motion as "premature," but the denial was without prejudice and the order authorized the re-filing of the motion at a later date. The subsequent motion for attorney's fees was filed within the time limits established by the district court's order. 440 F.3d at 664.

[6] The Fifth Circuit's *Pierce* decision is consistent with Sixth Circuit authority in that it recognizes that "[a]n award of attorney's fees out of past-due benefits is discretionary, and we will not reverse a district court's denial of attorney's fees under § 406(b) absent an abuse of discretion." *Pierce v. Barnhart*, 440 F.3d at 663 (citing *Damron v. Commissioner*, 104 F.3d 853, 856 (6th Cir. 1997)).

claim." *Bergen v. Commissioner*, 454 F.3d 1273, 1277 (11th Cir. 2006). However, in *Bergen*, the Eleventh Circuit stated, "Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue and merely hold that the petitions were timely." 454 F.3d at 1277-78 (citing *Shepherd v. Apfel*, 981 F. Supp. 1190 (S.D. Iowa 1997)). It is doubtful that the Sixth Circuit would find such a silent "waiver" to be appropriate in this context, because the claimant, the only person who has an interest in this matter, has waived nothing. Any attorney fee under section 406(b) is deducted from the award of past-due benefits to the client. The attorney has a significant financial interest, and would not be expected to raise an issue regarding the timeliness of his own motion. The defendant, at this juncture, has no financial incentive to assert a challenge to the timeliness of a motion for section 406(b) attorney's fees. The issue for the defendant is not the total amount to be paid out in past-due benefits, but whether any portion of that fixed total is payable to plaintiff's attorney. In *Gisbrecht*, the Supreme Court described the court's role under section 406(b) as that of "an independent check" to assure reasonable results, which almost certainly includes rejecting untimely fee applications. 535 U.S. at 807. Further, this court has a significant interest in not entertaining stale motions in closed cases. Finally, the court is required to raise jurisdictional issues *sua sponte*, *see Klepsky v. United Parcel Service, Inc.*, 489 F.3d 264, 268 (6th Cir. 2007), and any subsequent motion for fees by plaintiff's attorney would necessarily be filed more than two years after the court entered its final judgment. In summary, it is extraordinarily unlikely that the Sixth Circuit would find "waiver" to be appropriate in this context generally, or under the specific facts presented herein.

In 2010, the Third Circuit joined the Fifth and Eleventh Circuits and held that Rule 54(d)(2)(B) establishes the deadline for filing a motion for section 406(b) attorney's fees. *See*

*Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010). The Eleventh Circuit noted that this solution remains problematic:

> By its terms, § 406(b) conditions the right to fees on the award of benefits and caps those fees at twenty-five percent of the awarded benefits. Thus a court cannot determine whether a right to a fee award exists and what the value of that fee award should be until the administrative remand proceeding is complete and the amount of benefits is fixed. However, a remand under 42 U.S.C. § 405(g) would rarely, if ever, be completed within fourteen days of the remand order. Therefore, a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the remand order, is necessarily premature; and a similar motion filed after the administrative determination of benefits is most likely untimely.

593 F.3d at 278. The Third Circuit's solution was "hold[ing] that the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award. Counsel will have fourteen days from notification of the notice of award to file a fee petition in the district court." *Id.* at 280. The Third Circuit's "equitable tolling approach" would not save any motion for section 406(b) attorney's fees in this case. The Notice of Award is marked as having been received on January 24, 2013. (docket # 20 at ID # 271). The 14-day period for filing a motion for attorney's fees under 42 U.S.C. § 406(b) would have expired on February 7, 2013. The motion was not filed until March 29, 2013, more than a month after the deadline had passed.

This court applies the 14-day time limit set by Rule 54(d)(2)(B) to section 406(b) motions. *See Bentley v. Commissioner*, 524 F. Supp. 2d 921, 922 (W.D. Mich. 2007). In *Bentley*, Judge Robert Holmes Bell determined that in that specific case, given the unsettled nature of the law in this district in 2007, combined with counsel's lack of notice "or constructive knowledge of the applicable time period for filing his § 406(b) petition," equitable tolling was appropriate and the motion for attorney's fees was "deemed timely." 524 F. Supp. 2d at 924-25. Here, plaintiff's attorney cannot claim any lack of notice that Rule 54(d)(2)(B) would apply. He had the benefit of

a published decision from this court directly on point. Moreover, "excusable neglect" is the standard for granting relief from the deadlines established by Rule 54(d)(2)(B). When a party fails to request an enlargement of time within the 14-day period specified by Rule 54(d)(2)(B), "a district court c[an] permit a late filing only if the delay was the result of 'excusable neglect.'"[7] *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (quoting FED. R. CIV. P. 6(b)(2)). There is no evidence before the court of excusable neglect. No explanation has been provided for plaintiff's attorney's delay in filing the motion and amended motion for attorney's fees.

This court has rejected the minority position adopted by the Tenth Circuit. *See Bentley*, 524 F. Supp. 2d at 922. The Tenth Circuit has adopted an entirely different approach to the question of when a section 406(b) motion must be filed. Rather than attempting to apply the specific provisions of Rule 54(d)(2)(B) in a sentence-four remand context, the Tenth Circuit resorts to Rule 60(b)(6)'s catch-all of "any other reason justifying relief" from the operation of the judgment, and holds that a motion for attorney's fees under section 406(b) must be filed within a reasonable time of the Commissioner's decision awarding benefits. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). There is significant legal authority suggesting that the Sixth Circuit would decline to adopt the Tenth Circuit's indefinite "reasonable" time approach, because it abandons any attempt at principled application of the specific attorney's fee provision found in Rule 54(d)(2)(B). Moreover, Rule 60(b)(6) applies to motions seeking relief from judgment. Plaintiff's attorney is not

---

[7]"Whether or not an untimely motion for attorney's fees prejudices the opposing party is beside the point, for Rule 54(d)(2), read in conjunction with Rule 6(b)(1), permits an award of fees on an untimely motion only after a finding of excusable neglect." *Templin v. Independence Blue Cross*, 487 F. App'x 6, 13 (3d Cir. 2012).

requesting relief from any aspect of this court's judgement.[8] *See Bentley*, 524 F. Supp. 2d at 922 ("A § 406(b) motion for attorney's fees cannot be viewed as a motion for relief from judgment without straining the meaning and purpose of a motion for relief from judgment under Rule 60."). Finally, the Sixth Circuit appears to be far more disciplined in its application of Rule 60(b)(6). Rule 60(b)(6) is limited to cases involving "unusual and extreme situations where principles of equity mandate relief." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *see Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010); *see also Limbright v. Hofmeister*, No. 12-5351, 2013 WL 539099, at * 1 (6th Cir. Feb. 13, 2013). This is not such a case. Assuming *arguendo* that a panel of the Sixth Circuit adopted the Tenth Circuit's approach, the result in this case would be unaltered, because plaintiff's attorney apparently received notice of the Administration's decision in January 2013 and delayed unreasonably in waiting two months to file the unsupported motion and amended motion for attorney's fees addressed herein.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion and amended motion for attorney's fees (docket #s 20, 21) be denied.

Dated: May 30, 2013          /s/ Joseph G. Scoville
                             United States Magistrate Judge

---

[8]"*McGraw* also conflicts in principle with the Supreme Court jurisprudence that instructs that a post-judgment motion for attorney's fees is not properly asserted as a motion to amend or alter judgment." *Walker v. Astrue*, 593 F.3d at 279 (citing *White v. New Hampshire Dep't Employment Sec.*, 455 U.S. 445, 451 (1982)).

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)