UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY REYNOLDS,                       )
               Plaintiff,       )
                         )    No. 1:10-cv-738
-v-                                     )
                         )    HONORABLE PAUL L. MALONEY
COMMISSIONER OF SOCIAL SECURITY,        )
               Defendant.       )
_____)

## OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR ATTORNEY'S FEES

Before the court today is Plaintiff Jeffrey Reynolds's objections to the magistrate judge's Report and Recommendation ("R&R") that his request for attorney's fees be denied. (ECF No. 23.) For the reasons discussed below, this court will reject that recommendation and award plaintiff's counsel the fees requested.

## I.    BACKGROUND

This case began in mid-2010, when Plaintiff Jeffrey Reynolds asked this court to review the Commissioner of Social Security's decision to deny him disability insurance benefits and supplemental security income benefits. (ECF No. 1.)  The parties soon stipulated to remand the case back to the Commissioner for further proceedings, per sentence four of 42 U.S.C. § 405(g).  (ECF No. 10.)  The court approved this stipulation and entered judgment against the Commissioner on December 7, 2010.  (ECF No. 11.)  After two years of administrative proceedings, the Social Security Administration determined that Mr. Reynolds was entitled to disability benefits dating back to 2005.  In a Notice of Award dated January 21, 2013 and received three days later, it informed Mr. Reynolds and his attorney that he was owed $57,600 in past-due benefits.  (*See* ECF No. 20, at 4–6.)

Two separate attorney's fee provisions are relevant to our purposes.  The first, 28 U.S.C. §

2412, allows a court to award attorney's fees to a party who prevails in a civil action against the United States (including an officer such as the Commissioner of Social Security), so long as the government's position was not "substantially justified." *Id.* § 2412(d)(1)(A). These fees are generally limited to $125 per hour and are based only on the time spent working on the civil case itself, not any underlying administrative proceedings. *Id.* § 2412(d)(1)(A), (d)(2)(A). Plaintiff's counsel requested section-2412 fees shortly after this court remanded the matter to the Commissioner. The court granted the request and ordered the Commissioner to pay attorney's fees of $2,205, based on 12.6 hours of work at the $125/hour base rate. (ECF No. 19.)

The second provision, 42 U.S.C. § 406(b), applies to Social Security cases only. It allows the court to award attorney's fees of up to 25% of the past-due benefits to a prevailing party's attorney. *Id.* § 406(b)(1)(A). Unlike the section-2412 fees, however, these fees are paid out of the claimant's award, rather than in addition to it. *Id.*

On March 29, 2013, some 64 days after receiving the Commissioner's Notice of Award, Plaintiff's counsel filed a motion for section-406(b) fees. (ECF Nos. 20–21.) Counsel states that he and Mr. Reynolds have agreed to a total fee of $10,000 for his work on this matter (reduced from the $14,400 called for by the original 25% contingency fee agreement). The Social Security Administration has already paid counsel $5,300 for his work at the agency level, leaving only $4,700 for this court to pay out.[1]

---

[1] Counsel originally reduced this amount further to account for the $2,205 he received under section 2412, but in an amended motion he asserts that "the better approach" is to ask for the full $4,700 and then refund the $2,205 to Mr. Reynolds. Counsel does not explain this decision, but the court assumes it is related to the statement in *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), that "[f]ee awards may be made under both [sections 406 and 2412], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"

2

The magistrate judge reviewed this request and issued an R&R recommending that the court deny counsel's motion. (ECF No. 22.) Fourteen days later, counsel filed his objections to that R&R. (ECF No. 23.)

## II.  STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## III.  DISCUSSION

The R&R recommends that the court deny the motion for fees on three separate grounds. The court will address each in turn.

### A.  Lack of Supporting Brief

First, the magistrate judge objects that counsel's motion was not filed with a supporting brief, as Local Rule 7.1(a) requires, and that it failed to adequately support its fee request. It is true that counsel failed to follow the local rules in filing his motion. But his failure did not deprive the court of legal argument necessary to resolve the motion. Plaintiff's motion included a citation to the

appropriate statutory authority and all documentation needed to support his request: the notice of award; counsel's fee agreement with Mr. Reynolds; documentation of amounts already paid; an accounting of time spent on this matter; and Mr. Reynolds's consent to the requested fee. While counsel could have, and indeed should have, included further discussion of why his fee request was proper and supported by the law, his failure to follow the rules of this district given the posture of this case (no substantive opposition from the government) did no harm and the court will not take it as cause to deny his request. However, counsel's failure should not be repeated.

**B.      Benefits Not Authorized by Section 406(b)**

Second, the magistrate judge found that section 406(b) allowed attorney's fees only for recovery under Title II of the Social Security Act, governing disability insurance, and not Title XVI's welfare program. Because counsel failed to break up the award into its constituent parts, the R&R recommended denying the motion.

Counsel objects, arguing that the Notice of Award itself shows that the entire award fell under Title II. While one could perhaps infer this from the Notice's statement that "[w]e may have to reduce these benefits if you received Supplemental Security Income (SSI) [under Title XVI] for this period," it is far from obvious to a casual reader. This issue is just the sort of thing that counsel should have addressed in his motion (that is, in his supporting brief) in the first place. But the distinction between Title II and Title XVI recovery would make little difference here in any case. As the magistrate judge notes, 42 U.S.C. § 1383 governs attorney's fees from Title XVI awards, and subsection (d)(2) states that the rules of section 406 apply equally to such awards. Thus, even if Mr. Reynolds's award included some Title XVI recovery, counsel's request would not have been improper, just incompletely argued. Given counsel's subsequent explanation, this court will not

deny his motion on this basis either.

### C. Motion Is Untimely

Finally, the magistrate judge found that plaintiff's motion was untimely. Noting that section 406(b) itself does not set any time limit for filing motions for attorney's fees, the R&R applied Rule 54, which provides that claims for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(I). Because counsel's motion was filed more than two years after judgment issued in Mr. Reynolds's case, the R&R recommended denying counsel's fees request.

But as plaintiff's counsel points out, at the time the judgment entered, he did not know the amount of any fees request—or even whether he would be entitled to any fees under section 406(b). This court resolved its case by simply remanding to the Commissioner for further proceedings; it did not find that Mr. Reynolds was entitled to benefits, and it certainly did not calculate the amount of past-due benefits that he was owed. It wasn't until he received the Notice of Award in January 2013 that counsel's fees request became ripe.

Though a number of courts have pointed out the dilemma inherent in applying Rule 54 to section-406(b) fee requests, a common solution to this problem has not emerged. The Fifth and Eleventh Circuits, for instance, have applied Rule 54 as written. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F.3d 657, 663–64 (5th Cir. 2006). But while the Third Circuit has also applied Rule 54, it also held that the 14-day deadline was tolled until counsel was notified of the Commissioner's award. *See Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010). The Tenth Circuit has taken a different tack, addressing section-406 motions as requests for relief from judgment under Rule 60(b)(6) and giving counsel a "reasonable time" after

the award to file. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). And the Seventh

Circuit, in a case decided before Rule 54's 14-day limit came into effect, required only that a

section-406 motion be brought "within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156

(7th Cir. 1987).

For its part, the Sixth Circuit has not weighed in on this issue. Another court in this district,

however, has discussed this problem in depth. *See Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp. 2d

921 (W.D. Mich. 2007). The *Bentley* court acknowledged that "it is clear that Rule 54(d)(2)(B) and

§ 406(b) do not fit easily together," but reasoned that because the statute did not address the timing

issue, the Rule must govern. *Id.* at 922. Nevertheless, the court avoided the undeniable practical

difficulties that this rule would produce by applying the principles of equitable tolling to the fee

request:

> Given the lack of guidance from the Sixth Circuit on the timing of §
> 406(b) fee petitions and the variety of approaches taken in other
> jurisdictions, the denial of a § 406(b) fee petition on the basis that it
> was not filed within fourteen days of a remand order would be
> exceedingly harsh, and would not further the § 406(b) policy goals of
> encouraging the representation of Social Security claimants. Such a
> strict application of Rule 54(d)(2)(B) would also elevate form over
> substance because neither the right to an award nor the amount of the
> award could be determined at that time.

*Id.* at 924.

Since *Bentley*, the rule in the Sixth Circuit has not become any clearer, and the number of

different approaches taken by other jurisdictions has only expanded. *See Walker v. Astrue*, 593 F.3d

274, 280 (3d Cir. 2010). While *Bentley* itself arguably provided some clarity in this circuit, that case

is not binding on the other courts in this district and so cannot provide true certainty here. The

analysis adopted in *Bentley* therefore applies just as strongly here, and this court will similarly apply

6

the doctrine of equitable tolling to counsel's motion.

Courts consider five factors in determining whether a deadline should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement;
>
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
>
> (3) diligence in pursuing one's rights;
>
> (4) absence of prejudice to the respondent; and
>
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)) (whitespace added). The *Bentley* court found that these factors weighed in favor of tolling, and this court does as well. No authority clearly sets out a deadline for filing a section-406(b) motion, and counsel was reasonably diligent in filing his motion approximately two months after the notice of award issued. No party was prejudiced by counsel's delay, and neither party has objected to the motion. Indeed, the affected party, Mr. Reynolds, has expressly consented to his attorney's fee request. For these reasons, the court will apply equitable tolling and treat counsel's motion as timely.

Counsel's request of approximately 17% of his client's past-due benefits award, representing a significant discount from his agreed-upon contingency rate, is eminently reasonable. The court will therefore grant counsel's fee request.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

1)      The magistrate judge's report and recommendation (ECF No. 22) is **REJECTED**;

2)      Plaintiff's Amended Motion for Attorney's Fees (ECF No. 21) is **GRANTED**;

3)      Plaintiff's attorney, Thomas A. Geelhoed, is **AWARDED** attorney's fees in the amount of $4,700, payable from Plaintiff's past-due Social Security benefits that have been withheld by the Commissioner; and

4)      Within 14 days of receiving this fee award, Plaintiff's attorney shall **REFUND** $2,205 to Plaintiff.

**IT IS SO ORDERED.**


Date:   June 21, 2013                                    /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge